NOT DESIGNATED FOR PUBLICATION

No. 117,684

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

PATTI BESSE,
*Appellant*.

MEMORANDUM OPINION

Appeal from Wyandotte District Court; MICHAEL A. RUSSELL, judge. Opinion filed October 19, 2018. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Ethan Zipf-Sigler*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., PIERRON and POWELL, JJ.

PER CURIAM:  Patti Besse appeals convictions for possession of cocaine and possession of marijuana. She alleges the district court erroneously denied her motion to suppress evidence. She contends law enforcement entered her residence and seized the drugs without a warrant and without consent. She also asserts she was too intoxicated and high on drugs to give valid consent. Thus, she argues, the search was a violation of the Fourth Amendment to the United States Constitution and the evidence must be suppressed as fruit of the poisonous tree. We disagree and affirm.

1

At the suppression hearing, Detective Nathan Doleshal testified he and another officer approached Besse's mobile home to investigate complaints of drug use at her address. The screen door was closed but the security door was open, allowing a view of the home's interior. When Besse stood up to answer the door, Detective Doleshal observed what appeared to be crack cocaine and marijuana on the coffee table. He ordered Besse and her guest out of the home and asked Besse if he had permission to enter the residence and recover the contraband. Detective Doleshal testified Besse gave him permission to enter the residence. Besse then gave a taped statement.

During cross-examination, Besse questioned whether Detective Doleshal had obtained a written consent to search the resident. He acknowledged he had not obtained written consent. Detective Doleshal indicated he made sure to cover Besse's consent to search in her recorded statement. Since neither the State nor Besse had received Detective Doleshal's recorded statement, the district court bifurcated the motion to suppress hearing and continued it to give the parties a chance to review the recorded statement.

A month later, the district court conducted the remainder of the motion to suppress hearing, beginning with Detective Doleshal's cross-examination. Detective Doleshal admitted he "mis-remembered" covering the consent to search in Besse's taped statement, and the consent to search was not mentioned in the taped statement. Detective Doleshal again acknowledged he did not obtain written consent from Besse.

Detective Doleshal reiterated he received consent to search before entering the residence. He testified that Besse seemed "of sound mind." He stated Besse had urinated on herself but this was "not really unusual." Detective Doleshal acknowledged intoxication could cause one to urinate oneself. He testified he could not recall whether he asked Besse if she was under the influence of marijuana. That said, he stated Besse did

2

not show signs of impairment or of being in an altered reality. He believed Besse appeared to understand what was going on.

Besse also testified at the motion to suppress hearing. When asked whether she had given Detective Doleshal permission to enter her residence, Besse replied, "I honestly can't imagine that I did." She suggested she had been drinking since 10:30 a.m. and was intoxicated. Besse testified she did not give Detective Doleshal permission to enter her residence. She could not explain why she urinated on herself but contended she had weak kidneys and it happened sometimes. Besse stated it was related to intoxication.

Neither the State nor Besse moved to admit the recorded statement.

After argument, the district court noted it had two witnesses testifying to different versions of events and had to weigh credibility. The district court found:

> "So looking at credibility, I'm not sure that I can give a lot of credence to what Ms. Besse's testified [to] because of her lack of recalling what happened that day. And based on what Detective Doleshal's testified to, I find that there's sufficient evidence that he had permission. They saw it. And to say, well, they saw drugs in there and that they could have waited and went and got other officers or gotten written consent, hindsight's 20/20.
>      . . . .
> "The only issue is whether she was under the influence. And from her own testimony, she doesn't remember a lot about the statement itself. And the officer testified that she didn't appear to have any mental instability that caused her any issues, that she was appropriately answering questions, and that she was not so under the influence of any type of alcohol or drugs that would have caused her impairment that she would not have understood what she was answering."

The district court denied Besse's motion to suppress. At the bench trial, Besse objected to the admission of any evidence seized without a warrant because Detective

3

Doleshal did not have permission to enter the residence. The district court overruled Besse's objection.

The district court found Besse guilty of possession of cocaine and possession of marijuana. It sentenced her to 20 months' incarceration for possession of cocaine, 12 months in jail for possession of marijuana, and ordered both sentences to run concurrently. However, it suspended both sentences and imposed 12 months' probation.

*Consent to Search*

On appeal, Besse argues the district court erred when it denied her motion to suppress. An appellate court reviews the district court's factual findings to determine whether they are supported by substantial competent evidence. The ultimate legal conclusion is reviewed de novo. In reviewing the factual findings, the appellate court does not reweigh the evidence or assess the credibility of witnesses. *State v. Patterson*, 304 Kan. 272, 274, 371 P.3d 893 (2016).

Citing her own testimony, Besse contends she did not consent to a search of her home. She argues the fact that Detective Doleshal incorrectly stated he discussed consent on the recorded statement diminished his credibility. As a result, Besse asserts the State failed to carry its burden to show the officers had authority to enter the home.

However, the district court determined Detective Doleshal to be more credible than Besse. The court found Besse seemed "pretty uncertain" of what happened during the encounter. In contrast, the court found Detective Doleshal's testimony was "pretty certain as to what happened." We do not reassess the credibility of witnesses. 304 Kan. at 274. Besse's argument that Detective Doleshal's incorrect assertion diminished his credibility is unpersuasive.

4

As a result, the question is whether there was substantial competent evidence that Besse consented to a search of her home. Substantial evidence refers to legal and relevant evidence that a reasonable person could accept as adequate to support a conclusion. *State v. Talkington*, 301 Kan. 453, 461, 345 P.3d 258 (2015). Detective Doleshal testified he asked for permission to enter Besse's residence to recover the drugs sitting in plain view and Besse gave permission. Although Detective Doleshal mistakenly believed he had discussed consent to search with Besse during his recorded interview and did not get written consent, he consistently maintained he had received consent to enter the residence. Over both days of testimony, Detective Doleshal testified at least six times he had received consent to enter the house. Detective Doleshal's testimony was substantial competent evidence that Besse consented to the search of her home. The district court did not err when it found Besse gave consent for Detective Doleshal to enter the residence.

*Voluntary Consent*

Since substantial evidence supports the district court's finding that Besse consented to the search of her house, we must also consider whether her consent was voluntary. Besse argues she could not give consent because she was intoxicated and high.

The State has the burden of establishing the scope and voluntariness of the consent to search. Whether a consent is voluntary is an issue of fact which appellate courts review to determine if substantial competent evidence supports the trial court's findings. *State v. James*, 301 Kan. 898, 909, 349 P.3d 457 (2015). If the parties do not dispute the material facts, the suppression issue is solely a question of law. *State v. Spagnola*, 295 Kan. 1098, 1104, 289 P.3d 68 (2012). To establish valid consent, the State must prove: (1) clear and positive testimony that consent was unequivocal, specific, and freely given; and (2) the absence of duress or coercion, express or implied. *State v. Cleverly*, 305 Kan. 598, 613, 385 P.3d 512 (2016).

5

Again, citing her own testimony, Besse asserts she was drunk and high during her interview. She testified she had consumed more than six beers before police arrived at her residence. Besse suggested she had urinated on herself because she was so intoxicated. But the district court found Besse was not credible.

In contrast, the district court found Detective Doleshal was credible. Detective Doleshal testified he did not believe Besse was under the influence of "anything that would prohibit her from making sound decisions." While acknowledging intoxication as a potential reason for Besse urinating on herself, Detective Doleshal testified that it had happened before when someone he was questioning was scared. Although Detective Doleshal performed no sobriety tests on Besse, he stated Besse did not show signs of impairment or altered reality stemming from marijuana or cocaine use. According to Detective Doleshal, Besse appeared to understand what was going on. Detective Doleshal's testimony was substantial competent evidence supporting the district court's ruling. The district court did not err when it found Besse voluntarily gave consent to enter the residence.

*Fourth Amendment Violation*

Law enforcement did not violate the Fourth Amendment to the United States Constitution when it seized the marijuana and cocaine sitting on Besse's coffee table because she consented to Detective Doleshal's entry into her residence. Besse's consent was voluntarily given. As a result, there was no Fourth Amendment violation and the fruit of the poisonous tree doctrine—which prohibits admission of evidence obtained as a result of unconstitutional searches—does not apply. See *State v. Poulton*, 286 Kan. 1, 5-6, 176 P.3d 1145 (2008). The district court did not err when it denied Besse's motion to suppress.

Affirmed.

6